THE SUN MUTUAL INSURANCE COMPANY *v.* HENRY DWIGHT, Jr.

Where the necessary papers upon the appeal are not submitted to the court, the appeal will be dismissed. So *held*, where the papers did not show whether the appeal was taken from a judgment upon a demurrer or from an order striking out a demurror as frivolous.

In an action by a corporation it is not necessary to specify by date and title the acts amending the act incorporating them. It is sufficient to designate that act particularly, and to refer generally to the other acts amendatory thereof.

DEMURRER to complaint. This was an action upon a promissory note, made by the defendant to the order of the plaintiffs, and delivered to them by the defendant. The complaint, after setting forth the making and delivery of the note, etc., averred that the plaintiffs were a corporation, incorporated under an act of the legislature of the state of New York, passed May 22d, 1841, and entitled, "An act to incorporate The Sun Mutual Insurance Company," together with the several acts amendatory thereof and the general laws of the said state. The defendant

demurred, upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The demurrer was overruled, whether upon argument of the demurrer or upon motion for judgment, on account of its frivolousness, did not appear by the papers before the court. The defendant appealed.

*C. N. Potter*, for the appellant.

*Henry P. Fessenden*, for the respondent.

INGRAHAM, FIRST JUDGE.—I am at a loss, from the papers submitted on this appeal, to say whether the same is from the decision on a motion to strike out the demurrer as frivolous, or from a decision upon the argument of the demurrer. The appellant should see that the papers necessary on the appeal should be submitted to the court. If he neglects to do so, he has no cause to complain if his appeal is dismissed.

Upon the merits, I think, the demurrer cannot be sustained. The complaint alleges the making and delivery to the plaintiffs of the note in suit; that the same was not paid at maturity nor since that time; that the plaintiffs are a corporation under a statute which is designated particularly, and other amendatory acts.

These facts are all admitted by the demurrer, which alleges, for cause of demurrer, that the above does not constitute a cause of action.

Nothing more would be necessary, to maintain the plaintiffs' case before a jury, than the proof of such facts. The omission to set out the amendatory acts is not material. A reference to the first act shows the plaintiffs to be a corporation, and the residue may be considered as surplusage.

I rather think this is not a ground of demurrer, by the code. There is no defect in stating a sufficient cause of action, and for anything beyond that, instead of demurring, the defendant should move to have the complaint made more specific. If no act of incorporation had been stated, the result might be otherwise.

I have expressed an opinion upon the merits against the appeal, but, for the reason first stated, the appeal must be dismissed with costs.

Appeal dismissed.