## N. Y. SUPERIOR COURT.

AFFIRMANCE ON DEFAULT BY GENERAL TERM, JANUARY, 1869.

This court will no longer allow judgments to be affirmed on the call of the calendar at general term, *if the case has not been settled and filed.*
And no such cause will be allowed to be put upon the calendar, unless by an order of a justice of the court.

UPON the call of the calendar during the January general term, a judgment was affirmed on default. Upon an application to open the default and to vacate the order of affirmance, it appeared that the "case" had not been settled; and it was claimed that, therefore, the appeal was not in readiness to be heard, or the cause properly upon the calendar. On granting the motion, the court, after consultation with all the judges, made the following decision:

*By the court,* MONELL, J. The practice which has prevailed to some extent of allowing a respondent to notice an appeal for argument, place the cause upon the calendar, and

upon its call to move for an affirmance of the judgment, notwithstanding the "case" had not been served, or had not been settled, or had not been filed, or the printed case had not been served, has occupied so much of the time of the court in hearing motions to open defaults, or to postpone arguments, which motions are made upon oral statements of counsel, not always uncontradicted, that it has become necessary for the court to determine that such practice shall no longer be allowed.

It is not intended to leave parties without remedy, for the court is satisfied that the existing rules furnish all the relief necessary.

Those rules provide that a party desiring to move for a new trial, or to review by appeal, shall, within *ten* days after the verdict, decision, or report, make and serve on the adverse party a "case or exceptions." The party served may, within *ten* days thereafter, propose amendments. The case and amendments shall, within *four* days, be noticed for settlement (*Rule* 34). Within *ten* days after the "case" is settled, it shall be filed (*Rule* 37).

The *consequences* of omitting to do any of these things within the prescribed times are fully expressed in the rule.

Until the "case" is *settled and filed* (when it is to be annexed to and become a part of the judgment-roll) *the cause is not in readiness to be noticed for hearing, or to be put upon the calendar of the general term.*

Another rule (42) requires that the party whose duty it is to furnish the papers to be used on the appeal shall serve copies upon the adverse party *at least eight days* before the term at which the appeal "*may*" be noticed for argument. If not served, the opposite party may put the cause upon the calendar and move, on any of the motion days in term, to have the cause stricken from the calandar, and for judgment.

The *only* motion, therefore, which can be made at general term is under the last mentioned rule—which motion must be on notice, accompanied by an affidavit of the facts upon

which it is founded; and it must in all cases be made to appear that the "case" has been *filed* for a time sufficient, with reasonable diligence, to have it printed and served.

All *other* motions, if any are necessary, to hasten the progress of the appeal, or to put it in a condition to be heard, must be made at *special* term.

We have, therefore, determined no longer to allow judgments to be affirmed on the call of the calendar, if the "case" has not been settled and filed; *and we have directed the clerk not to place upon the calendar of the general term any cause in which the "case" has not been settled and filed pursuant to an order of the judge or referee who tried the cause directing its filing, unless otherwise directed by a justice of the court*