By the Court:

Jones, J.
The question in this case is not as to where a motion to dismiss an appeal should be made. There never was, and is not now, any doubt on that point. It must necessarily be made to the appellate court, for that court alone has power over appeals taken to it.
The question is, for what causes can the General Term dismiss an appeal %
I think there are but two—the non-appealability of the decision below, and the non-service of printed copies of the appeal papers pursuant to rule 43. In the latter case the practice under the rule is, however, more properly to strike the cause from the calendar and render judgment in favor of the respondent.
The judgment record may of itself (without any case or bill of exceptions being annexed) present a question proper to be argued and decided at General Term (Rankin v. Pine, 4 Abbt., 309; Brown v. Heacock, 9 How., 345; Robinson v. H. R. R. Co., 3 Abbt., 117). The question whether it does or not may be raised by a motion to the General Term to dismiss the appeal because it appears from the record that nothing which can be the *698 subject of appeal is presented thereby. Although on such a motion the court may determine that the record presents no question which is the subject of appeal, yet it cannot tell but that when a case or bill of exceptions is annexed thereto (in cases where the law authorizes such annexation) questions proper for review may be presented thereby. In all such cases the General Term, in order to grant a dismissal, would have to determine both that the record as it stands presents nothing that is the subject of appeal, and, second, that the appellant has lost his right to annex a ease or bill of exceptions.
The point presented on this motion is whether the General Term has the power to determine this latter question, and if it has, whether it will, as matter of practice, exercise it.
The making a case, etc., the extending of time for making it, the proposing of amendments, the extending of time for proposing, for noticing for settlement, the settlement itself, the extending of time for filing after settlement, are all matters of detail of practice for getting the cause in proper shape to present to the General Term the questions to be reviewed.
The business of the General Term is with the papers as previously prepared for its action. If these papers are not in proper shape, or if an error has crept in them, the General Term cannot put them in shape or correct the error. The only relief it can give is to send the record back to the Special Term for correction, and order the argument to stand over in the mean time.
So also it is not within the province of the General Term to hear applications for the extension of the time within which to perform the several acts required to be done in the preparation of the papers to be submitted to it, nor to hear applications for relief from a default in doing such acts within the times specified for their performance. When a question arises as to whether a party has lost his right to annex a case, etc., these applications are necessarily involved therein.
There is no question of the power of the Special Term to extend the time for the performance of the several acts to be done in the preparation of the papers to be submitted to the General *699 Term, nor of its power to relieve from a default in the performance of any of those acts within the specified time.
The question, therefore, whether a party has lost his right to attach a case to the judgment-roll is one eminently proper to he determined by the Special Term. This can readily be done by a motion at Special Term for an order declaring the right to make a case or propose amendments (as the case may be) waived, or declaring the case abandoned. Such an order standing unreversed and unvacated would be conclusive on the question. The respondent then could upon that order move the General Term to dismiss the appeal on the ground that the judgment record showed nothing on its face which was the subject of appeal, and if the court were of that opinion it would dismiss the appeal, the Special Term order having disposed of the question as to the right to make or annex a case or bill of exceptions.
It is true that rule 37 of the general rules of court authorize the entry of an ex parte order declaring a case or exceptions abandoned, and permitting a party to proceed thereafter as if no case or exceptions had been made; but notice of the entry of such an order must be given to the adverse party, who may thereupon apply to the Special Term for relief, and the question whether he shall have it or not will be there disposed of on a hearing of the parties.
With respect to the dismissal of an appeal for non-service of printed copies of the appeal papers, or more properly the striking the same from the calendar and rendering judgment for that cause, it is evident that the party can be under no obligation to serve them until after it is determined what the papers on appeal are to be. A motion to dismiss an appeal for the first of the two specified causes must, therefore, in cases where the law gives r a right to make a case or bill of exceptions, be founded either on the judgment-roll with a case or bill of exceptions annexed, or on the judgment-roll (without a case or bill of exceptions annexed) and an order of the Special Term declaring the right to make a case waived, or if made then declaring it abandoned; while the motion to dismiss for the second cause, or more *700 properly to strike the case from the calendar and for judgment, must be made on a certificate of the clerk that a case or bill of exceptions has' been filed, and an affidavit that since such filing a reasonable time has elapsed to procure the printing of the appeal papers and that no printed copies thereof have been served; or upon an order of the Special Term declaring the right to make a case waived, or the case, if made, abandoned, and an affidavit showing that a reasonable time has elapsed since the making of such order to procure the printing of the appeal papers, and that no printed copies thereof have been served.
In the present case there has been no order of the Special Term declaring the case abandoned. The motion, therefore, must be denied, with ten dollars costs.