By the Court:

Freedman, J.
In the recent case of Phelps v. Swan, we have held that the making of a case or bill of exceptions, the extending of time for making it, the proposing of amendments, the extending of time for proposing, for noticing for settlement, the settlement itself, the extending of time for filing after settlement, are all matters of detail of practice for getting the cause in proper shape to present to the General Term the questions to be reviewed and to be disposed of at Special Term. The business of the General Term is with the papers as previously prepared for its action.
General rule 37 provides, that where a party makes a case or exceptions, he shall procure the same to be filed within ten days after the same shall be settled, or it shall be deemed abandoned. According to section 281 of the Code, a case or exceptions are to constitute part of the judgment-roll. It is further provided by the rules of this court that no case or exceptions to be annexed to the judgment-roll shall be filed by the clerk, unless the same is so ordered by the judge or referee who tried the cause; that no case or bill of exceptions will be ordered to be filed until it shall have been engrossed or printed after settlement, with all the papers and exhibits required to be inserted therein, and that if no case or bill of exceptions is on file, or if one is on file without the order of the judge or referee who tried the cause, direct *703 ing the same to be filed, then, the cause shall not be put on the General Term calendar.
In compliance with these various requirements, the appellant had the case containing his exceptions settled and ordered on file by the judge who tried the cause. The latter’s direction to the clerk to file the case amounted, in effect, to a special order of the court directing the annexation of the same to the judgment-roll, as contemplated in Anderson v. Dickie (17 Abb., 85).
Such annexation was the very object to be attained by the filing. Under the operation of the special rules above referred to, the judge who settled the case and directed it to be filed with the evident intention that it should be annexed to the judgment-roll, possessed, in making tins order, all the powers which the court at Special Term could have exercised in the matter. The fact that judgment had already been entered absolutely,. can make no difference. A case or exceptions when settled may, by an order, be annexed to the judgment-roll at any time after the entry of judgment, in the same manner as bills of exceptions were frequently annexed under the former practice (Renouil v. Harris, 2 Sandf., 646; Lynde v. Cowenhoven, 4 How., 327). And in the absence of any special rule upon the subject, it would be the duty of the clerk, under section 281 of the Code, to make the annexation without any previous order.
The only remaining question is whether a motion for a new trial was necessary. The action was triable by jury, and the only questions presented for review arise upon exceptions to the rulings of the judge on the trial.. A motion for a new trial at Special Term, and an appeal to the General Term from the judgment, are two distinct and entirely different remedies. Section 348 of the Code allows an appeal upon the law to the General Term from a judgment entered upon the report of referees, or the direction of a single judge of the same court, in all cases, which includes trial by jury, for the entry of judgment upon a verdict is deemed to be made by direction of the judge presiding at the trial. Under this section it has repeatedly and uniformly been held that where a case presents only questions of law upon *704 exceptions, and they are not reserved for argument or further consideration, or ordered to' be heard at General Term in the first instance, it is not necessary that they should be heard before judgment at the Special Term by way of a motion for a new trial, but that the defeated party may prepare his exceptions and have them settled, await the entry of judgment, have the exceptions attached to and form a part of the judgment-roll, and appeal to the General Term from the judgment (Morrison v. N. Y. and New Haven R. R. Co., 32 Barb., 568; Morange v. Morris, 12 Abb., 164, 32 Barb., 650; Watson v. Scriven, 7 How. Pr., 9; Ryle v. Harrington, 14 How. Pr., 59).
The appellant, therefore, is regular, and entitled to be heard upon the questions of law arising upon the judgment-roll, including the case containing his exceptions.
The preliminary objection raised by the respondent must be overruled.