## COURT OF COMMON PLEAS.

### JAMES A. BROWN agt. MARGARETTA NIESS.

If no printed copies of a case are served by appellant on respondent, as required by Rule 50, then, if no motion be made by respondent to dismiss the appeal under Rule 50, when the cause is regularly reached in its order on the general term calendar, and the answer of the respondent is " ready," judgment of affirmance rendered at general term will be sustained.

The general term has jurisdiction of the appeal, to affirm, reverse or modify the judgment appealed from when a case has been made, settled and filed.

A party cannot plead his own laches as cause for the defeat of his antagonist who has adhered to the rule of court.

*January Special Term,* 1874.

MOTION to set aside, for irregularity, judgment of affirmance rendered at general term.

J. F. DALY, *J.*—Defendant appealed to the general term of this court from a judgment entered on the report of a referee. The case on appeal was settled October 25, 1873, and filed December 19, 1873. Due notice of argument for January general term, 1874, was given by respondent, and service admitted by appellant's attorney. Note of issue was duly filed for January term, 1874. No printed copies of the case were ever served by appellant on respondent as required by Rule 50. Respondent did not make any motion to dismiss the appeal under Rule 50. When the cause was regularly reached in its order on the general term calendar respondent answered ready. Appellant stated to the court that the cases had not been printed, and asked for a postponement of the argument. This was refused and appellant not being ready to argue the appeal, judgment of affirmance was rendered by the general term.

Brown agt. Niess.

Appellant now moves at special term to set aside such judgment as irregular, on the ground that where the appellant has failed to serve printed copies of the case, pursuant to Rule 50, the respondent cannot wait and take an affirmance of the judgment appealed from when the cause is reached, but must move, under Rule 50, to dismiss the appeal. The practice of the superior court to that effect is cited in support of this view (36 *How. Pr. R.*, 366; 2 *Sweeny*, 700; 1 *Jones & Spencer*, 502).

The answer to this application is, that the general term of this court, with knowledge of all the foregoing facts, allowed the respondent to take an affirmance of the judgment, and did not require him to move to dismiss the appeal for want of service of the printed papers. That disposition of the question settles the practice in this court, which would seem to be that suggested in the superior court in 1862 (*Oates* agt. *Groupe*, 15 *Abb. Pr. R.*, 263). It was there said that the remedy to dismiss the appeal was not exclusive, but respondent might wait and take affirmance by default if appellant had not served his papers. The general term has jurisdiction of the appeal, to affirm, reverse, or modify the judgment appealed from, when a case has been made, settled and filed (3 *Kern.*, 341; *id.*, 344; 29 *Barb.*, 367; 32 *Barb.*, 664). The non-service of printed papers gives the respondent the right to make a summary motion to dismiss the appeal. If he do not choose to do so, but waits until the appeal is regularly called on for argument, it is so much to the advantage of the appellant, who is thus given additional time to print and serve copies of his case. But for giving such advantage to the appellant respondent does not and ought not to loose his term, if his case be regularly reached. This would be allowing appellant to benefit by his own laches. The practice followed by the general term must be considered as settling the question in this court.

Motion denied.