### SAYER et al. v. KIRCHHOF et al.

(Common Pleas of New York City and County, General Term. April 3, 1893.)

1. **APPEALABLE ORDERS — DISMISSAL OF APPEAL FOR FAILURE TO PROSECUTE.**
   An order of the general term of the New York city court dismissing an appeal from the trial term for appellants' failure to prosecute it with diligence is appealable to the court of common pleas to the extent of permitting that court to inquire into the sufficiency of the grounds for the dismissal, and as to the sufficiency of the evidence to support these grounds.

2. **SAME—RULE OF COURT—VALIDITY.**
   Rule 41 of the general rules of practice, adopted in convention by the judicial officers designated by Code Civil Proc. § 17, and declaring that an appeal may be dismissed for failure to prosecute it with diligence, is valid, since the Code of Civil Procedure nowhere prohibits or specifically regulates the dismissal of an appeal for the cause mentioned.

3. **SAME.**
   Though the rules of the city court of New York do not specifically authorize the dismissal of an appeal to the general term for failure to prosecute it with diligence, an order dismissing an appeal on that ground is valid, under rule 41 of the general rules of practice, which applies to all courts of record within the state, except the court of appeals and the court for the trial of impeachments.

Appeal from city court, general term.

Action by William M. Sayer, Jr., and others, against William Kirchhof and others. There was a judgment in defendants' favor at the trial term of the city court, and plaintiffs appealed to the general term. From an order of the general term of the city court dismissing the appeal for plaintiffs' failure to prosecute it with sufficient diligence, plaintiffs appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

George Parr, for appellants.
Bernard Metzger, for respondents.

BISCHOFF, J. Plaintiffs appealed to the general term of the city court of New York from a judgment of the same court at trial term in favor of defendants. The case and exceptions on appeal were duly settled and filed, but copies thereof were never served up-

on respondents or their attorney. After delay for upwards of 15 months, respondents, upon due notice and an affidavit which set forth the grounds of the motion, applied to the court below at general term for an order striking the cause from the calendar, and for judgment of affirmance for appellants' failure to serve the papers on appeal; such a motion being provided for by rule 41 of the general rules of practice and rule 3 of the court below. Neither party had noticed the appeal for argument. · The order entered upon the motion dismissed the appeal, with. costs, and from that order the appellants below now appeal to this court.

The order is appealable to this court, but only to the extent of permitting us to inquire into the sufficiency of the grounds for granting it, and whether or not there was any evidence in support of those grounds. The right to appeal is a substantial one which the order denies. Furthermore, the order, in effect, determines the action, and prevents a judgment from which an appeal might be taken to this court. Code Civil Proc. § 3191, subd. 3. Section 17 of the Code of Civil Procedure authorizes the judicial officers therein designated to establish in convention general rules of practice not inconsistent with the provisions of the Code, and declares that the rules so established shall be binding upon all courts of record, of which the city court of New York, by section 2, subd. 15, is declared to be one, except the court for the trial of impeachments and the court of appeals. Like authority to establish rules of practice therein is given by. section 193 to the court of appeals, and is interpreted by the last-mentioned court to include the power to dismiss an appeal for failure to prosecute it with reasonable diligence, (rule 7 of the court of appeals;) and, as the Code of Civil Procedure nowhere prohibits or specifically ·regulates the dismissal of an appeal for the cause mentioned, rule 41 of the general rules of practice, established as prescribed by section 17, which concedes the right of the respondent to such relief, cannot be. said to be inconsistent with its provisions. See, also, Brown v. Niess, 46 How. Pr. 465; Hogan v. Brophy, 2 Code R. 77; Phelps v. Swan, 2 Sweeney, 696. Section 323 of the Code of Civil Procedure empowers the city court of New York to establish rules of practice therein, but limits the exercise of that power to rules which are not inconsistent with the provisions of the. Code or the general rules of practice established as prescribed by section 17 thereof; and, though the rules of the city court of New York do not specifically authorize the dismissal of an appeal for failure to prosecute it with reasonable. diligence, the order was nevertheless authorized by rule 41 of the general rules of practice, applicable, as above stated, to the city court of New York and all other courts of record alike. The order appealed from should be affirmed, with costs. All concur.