WALTER H. SMITH, as Trustee, etc., Respondent, *v.* INGHAM UNIVERSITY, Appellant, Impleaded, etc.

*Appeal — not dismissed because of a failure to serve a case and exceptions — General Rules of Practice 33, 35 and 40 — power of the Special Term to open a default and to extend the time within which to serve a case.*

An appeal cannot be dismissed on account of the failure of the appellant to serve a case and exceptions within the time prescribed therefor; the only effect of such omission is to leave the party to argue his appeal on the judgment roll.

In determining the question of waiver under rule 33 of the general rules of practice, the practice prescribed by rule 35 thereof is adopted.

If an appellant fails to serve his case or have it settled, signed or filed within the time prescribed by the rules, the respondent may apply, on notice to the Special Term, to have the case declared waived or abandoned, in accordance with the provisions of rules 33 and 35 of the general rules of practice, and if the Special Term grants the motion the appellant may still have his appeal heard upon the judgment roll, by causing the papers to be printed and served in accordance with the provisions of general rule No. 40.

After the entry of an order declaring a case and exceptions waived or abandoned, the respondent may notice the case for argument, and place it upon the calendar, and if the appellant neglects to serve upon the respondent the papers upon which the appeal is to be heard within the time prescribed, the respondent may move on affidavit and on four days' notice of motion that the case be struck from the calendar, and that judgment be rendered in his favor.

A Special Term has power to excuse and open defaults, and to extend the time to make and serve a case, or a case containing exceptions, and all motions of such character should be made at Special Term.

MOTION by the plaintiff and respondent to strike the case from the calendar of the General Term of the Supreme Court and for affirmance on the ground of the non-service of printed papers, made on the 28th day of March, 1894.

The moving affidavits showed that the printed papers had not been served, but failed to show that an order had been obtained declaring the case abandoned.

*Raines Bros.*, for the appellant.

*Bowen & Washburn*, for the respondent.

HAIGHT, J.:

So much confusion exists with reference to the disposing of appeals in this court on account of the delay in the prosecution thereof, that we have thought it wise to restate the practice.

An appeal cannot be dismissed on account of the failure of the appellant to serve a case and exceptions within the time prescribed therefor; the only effect of such omission is to leave the party to argue his appeal on the judgment roll. (*Schwarz* v. *Weber*, 103 N. Y. 658; *Burger* v. *Dubernet*, 7 Robt. 1; *Brown* v. *Hardie*, 5 id. 678; *Rankin* v. *Pine*, 4 Abb. 309.)

Rule 33 provides that "If the party shall omit to make a case within the time above limited, he shall be deemed to have waived his right thereto; and when a case is made, and the parties shall omit, within the several times above limited, the one party to propose amendments, and the other to notify an appearance before the justice, surrogate or referee, they shall respectively be deemed, the former to have agreed to the case as proposed, and the latter to have agreed to the amendments as proposed."

Rule 35 provides that "Where a party makes a case or exceptions he shall procure the same to be filed within ten days after the same shall be settled, signed and ordered to be filed, or it shall be deemed abandoned unless the time is extended by order.   *   *   *

" And on filing affidavit that such case or exceptions has not been filed and showing the time of the settlement thereof, and the date of such order, and that more than ten days have elapsed from the time of such order, or from the expiration of the time to which it was extended, an order, of course, may be entered declaring the same abandoned and the party may proceed as if no case or exceptions had been made."

It will be observed that under rule 33, if the party shall omit to make a case within the time limited, he shall be deemed to have

waived his right thereto. And that under rule 35, if he omit to file the case when settled within the time limited, he shall be deemed to have abandoned it. As to the former the rule does not point out how the waiver is to be determined, but in the latter the rule specifically provides how the question of abandonment shall be established. No reason is apparent why the practice provided for the determination of the question in one case should not prevail in the other. The courts have consequently adopted the practice prescribed by rule 35 in determining the question of waiver under rule 33. (*Carraher* v. *Carraher*, 42 How. Pr. 458; *Phelps* v. *Swan*, 2 Sweeny, 696; *Ward* v. *The Central Park, North & East River R. R. Co.*, Id. 701; Affirmance on default, 36 How. Pr. 366; *Sun Mut. Ins. Co.* v. *Dwight*, 1 Hilt. 50.)

Rule 40 provides that "Enumerated motions shall be noticed for the first day of the term by either party on a notice of eight days. * * * the party whose duty it is to furnish the papers shall serve a copy on the opposite party, except upon trial of issues of law, at least eight days before the time for which the matter may be noticed for argument. If the party whose duty it is to furnish the papers shall neglect to do so, the opposite party shall be entitled to move, on affidavit and on four days' notice of motion, that the cause be struck from the calendar (whichever party may have noticed it for argument), and that judgment be rendered in his favor."

The practice, therefore, is if the appellant fails to serve his case, or have it settled, signed or filed within the time prescribed by the rules, the respondent may apply, on notice, to the Special Term to have the case declared waived or abandoned in accordance with the provisions of rules 33 and 35. If the Special Term grants the motion, the appellant may still have his appeal heard upon the judgment roll by causing the papers to be printed and served in accordance with the provisions of rule 40. After the entry of an order declaring the case and exceptions waived or abandoned, the respondent may notice the case for argument and place it upon the calendar, and if the appellant neglects to serve upon the respondent the papers upon which the appeal is to be heard within the time prescribed, the respondent may move, on affidavit and on four days' notice of motion, that the case be struck from the calendar and that judgment be rendered in his favor.

In the city of New York it has been the practice to require the respondent to apply to the court, or a judge thereof, for an order to put the case on the calendar in accordance with a special rule to that effect existing in such city. But we have no such rule in this department. We have, however, a special rule which provides that " In every case which is to be brought on for argument upon a case, or a case containing exceptions, the note of issue filed with the clerk shall be accompanied by an affidavit stating that the case has been settled, signed and filed, and specifying the time and place of such filing ; otherwise the case shall not be put upon the calendar." This rule has reference only to causes which are to be heard upon a case, or a case containing exceptions, and has no application to an appeal which is to be heard upon the judgment roll alone. After an order has been entered declaring a case, or a case containing exceptions, waived or abandoned, the cause may be placed upon the calendar, and no affidavit is required to accompany the note of issue.

The Special Term has power to excuse and open defaults, and to extend the time to make and serve a case, or a case containing exceptions, and all motions of this character should be made in that court.

The motion should be denied, but in this case without costs to either party.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Motion to strike case from the calendar and for affirmance denied, without costs to either party.

---

NOTE.— The rest of the cases of this term will be found in the next volume (77) Hun.— [REP.