the amount that they had paid and which had been applied by Belford to his own use. Plaintiffs, as his creditors, can certainly stand in no better position than he stood, and can obtain a rescission only upon the terms upon which he could insist upon such rescission. An allegation that plaintiff offered to restore is material; for, although the plaintiffs claim that this property, including the good will of the business, was worth $3,000, it is alleged that Jones and Moran actually paid $1,950 for it. It does not appear that Doelger was bound to recognize any assignee of Jones and Moran as a tenant or allow them to continue in possession of the leased property. However much the plaintiffs might desire to recover the amount of Belford's indebtedness to them, there is nothing to show that they would be willing under these conditions to repay to Jones and Moran the amount that they had actually paid for the business. At any rate, Jones and Moran were entitled to receive that amount before the sale could be rescinded, and these plaintiffs could not maintain an action for the rescission of the sale without tendering either the amount that Jones and Moran had paid for the business, or offering in the complaint to make restitution.

For these reasons, I think the demurrer should have been sustained.

(52 Misc. Rep. 518)

RAUCHBERGER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. February 11, 1907.)

1. COURTS—CONDUCT OF BUSINESS—RULES.

Although the court has power within reasonable limits to regulate its order of business, it cannot make a rule which in terms or effect violates the provisions of the Code of Civil Procedure.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 274, 276.]

2. TRIAL—CALENDAR DISMISSAL.

Code Civ. Proc. § 977, provides that in the county of New York, when a party has served a notice of trial and filed a note of issue for a term at which the case was not tried, it is not necessary to file a new note of issue for a succeeding term, and the action must remain on the calendar until disposed of. Section 323 provides that the justices of the City Court of New York may establish rules of practice not inconsistent with the provisions of the Code of Civil Procedure. An action in the City Court was placed on the calendar in March, 1904, but not reached for trial. Subsequently the justices adopted a rule directing a new calendar to be made, and requiring, in all cases previously noticed, a new note of issue to be filed on or before September 1, 1905, and this rule was readopted, requiring still another note of issue to be filed before September 1, 1906. Each rule provided that no cause on the present calendar should retain its place upon the new calendar unless the new note of issue was filed. Plaintiff, intending to conform to the rule, in August, 1905, prepared a new note of issue, and intrusted the same to his clerk to be filed. Again in August, 1906, plaintiff prepared another note of issue, and then discovered for the first time that the cause was not upon the calendar; the note of issue in 1905 not having been filed. Plaintiff immediately asked defendant to stipulate to restore the cause to the calendar, and it did not appear that any younger issues had been tried in 1905. Defendant refused to so stipulate, and on his motion the complaint was dismissed. *Held*, that under sections 323 and 977 the authority of the justices to make and enforce the rule might well be doubted, and that

under the facts a dismissal was too harsh a punishment for failure to comply with the rule of 1905, and hence the cause would be restored to the calendar.

MacLean, J. dissenting.

Appeal from City Court of New York, Trial Term.

Action by Max Rauchberger against the Interurban Street Railway Company. From an order dismissing his complaint, plaintiff appeals. Order reversed, and the case restored to the calendar of the City Court; date of trial to be fixed by that court.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Jacob C. Brand, for appellant.

Henry A. Robinson (Bayard H. Ames, of counsel), for respondent.

GILDERSLEEVE, J. This is an appeal from an order dismissing the plaintiff's complaint herein. The facts leading up to the making of the order appealed from are not in dispute. The action was brought to recover for personal injuries received by the plaintiff through the alleged negligence of the defendant. Issue was joined in the City Court, notice of trial served, a note of issue filed, and the case was placed upon the calendar in March, 1904, but was not reached for trial. Some time thereafter the justices of the City Court made a rule requiring a new note of issue to be filed on or before September 1, 1905. This rule was again readopted in June, 1906, and reads as follows:

"Ordered, that the clerk of the City Court of the city of New York make up a new calendar of the trial issues for October, 1906. Causes noticed for the first time for the October term shall follow on the general calendar according to their dates of issue. No cause upon the present general calendar shall be placed upon the new calendar unless a new note of issue—for which no fee will be charged—be filed with the clerk from July 1 and on or before the 1st day of September, 1906, stating that the same has not been disposed of or settled and specifying thereon the date of issue and the number on the present calendar. And no cause on the present calendar shall retain its place upon the new calendar unless such note of issue above mentioned be filed prior to the date above stated. And no orders shall be issued restoring to its place on the calendar any cause for which a new note of issue has not been filed on or before the above date. The call from said new calendar to commence with the cause next succeeding on the present general calendar the cause last reached in June.

"Adopted in convention June 1, 1906.

                                          "Thomas F. Smith, Clerk."

The appellant, in August, 1905, intending to conform to the practice laid down by said rule, prepared a new note of issue and intrusted the same to his law clerk to be filed. Again, in August, 1906, the plaintiff's attorney prepared a note of issue for filing in conformity to the rule of the City Court as aforesaid, and then discovered for the first time that for some unknown reason the case was not upon the calendar; it having evidently been dropped therefrom in 1905, the note of issue for that year not having been filed. The plaintiff's attorney thereupon immediately sent a stipulation to the defendant, asking that the case be restored to the calendar. This was refused, and soon after, in September, 1906, and before the Trial Terms were open after the summer vacation, the defendant moved to dismiss the complaint for

failure to comply with the rule, and the motion was thereupon granted.

It would seem that the only neglect, if any there was, with which the plaintiff is properly chargeable, is his failure to file a new note of issue in accordance with the provisions of the rule adopted by the justices of the City Court in the year 1905. That he acted in good faith and made an effort to so comply with the rule is not disputed, and only until he attempted to comply with the same rule promulgated in 1906 did he discover that his clerk had not filed a note of issue in 1905, or, if one was filed, the clerk of the City Court had overlooked it in making up the new calendar for 1905, and the case was not on the calendar. The rule itself is of somewhat doubtful construction. It requires that before a case can be placed upon the new calendar, ordered to be made up by the clerk, a "new note of issue" must be filed. A comparison of the phraseology of the rule with that promulgated by the Appellate Division, providing for the making of a new calendar in the Supreme Court, shows a marked dissimilarity between the two rules. In the Appellate Division rule before a case can be placed upon the new calendar a "notice" must be filed setting forth the same facts as is required to be set forth in the "note of issue" provided for by the City Court rule. The City Court rule further provides that "no order shall be issued restoring to its place on the calendar any cause for which a new note of issue has not been filed on or before the above date." This provision is not included in the Appellate Division rule. The effect of the City Court rule is that in a case similar to the one at bar, if for any reason, no matter how valid, a party has failed to file a new note of issue in 1905, no order could be granted restoring the case to the calendar in 1906, or ever, without a violation of the express terms of the rule.

While it is true that the court has power within reasonable grounds to regulate its own calendar, and may, independent of the statute, determine what case may be tried first, or, in other words, may regulate its order of business (Hunnewell v. Shaffer [City Ct. N. Y.] 9 N. Y. Supp. 540), it cannot make a rule which in terms or effect violates the provisions of the Code of Civil Procedure (Gormerly v. McGlynn, 84 N. Y. 284). Section 977 of the Code provides that:

"The Appellate Division of each department may provide by rule for the manner of making up calendars in each county embraced within the department, * * *" and that in the county of New York "* * * when a party has served a notice of trial and filed a note of issue for a term at which the case is not tried, it is not necessary for him to serve a new notice of trial or file a new note of issue for a succeeding term, and the action must remain on the calendar until disposed of."

So far as a rule is inconsistent with the provisions of the Code, thus far it is invalid. Section 323, Code Civ. Proc. The authority, therefore, of the justices of the City Court to make and enforce the provisions of the rule aforesaid may well be doubted. There is nothing in the record tending to show that issues younger than those in the case at bar were reached and tried in 1905, and as the plaintiff, upon discovery that no new note of issue was filed in 1905, promptly asked the defendant to consent by stipulation to restore the case to the calendar, and his request was refused, such refusal certainly tended to pre-

vent an early trial of the action, and plaintiff's only remedy, in view of the provisions of the rule aforesaid, was to oppose the motion to dismiss, and to apply to this court for relief by appealing from the order dismissing the case.

In any view of the facts the dismissal of the complaint was too harsh a punishment for any seeming neglect in failing to comply in 1905 with the rule aforesaid. Should this order be sustained, plaintiff would lose his right of action against the defendant, the statute of limitations having run. The order appealed from will be reversed, without costs, but with disbursements to the plaintiff, and the case restored to the calendar of the City Court; date of trial to be fixed by that court.

Order reversed, without costs, but with disbursements to the plaintiff, and case restored to the calendar of the City Court; that court to fix day of trial.

AMEND, J., concurs.

MacLEAN, J. (dissenting). Excepting averment, not even upon hearsay, of an "omission, * * * no doubt due to an oversight on his part," of a lawyer's clerk, from whom comes not a word, nothing is offered to gainsay the evidence, over date of September 11, 1906, that this issue was joined June 23, 1903, and that younger issues of a similar character had been tried; evidence bringing the cause so directly within rule 36 of the general rules of practice that the motion to dismiss it could be denied only upon its being made to appear that the delay was not unreasonable. Sufficient thus appeared to sustain the action of the learned justice at Special Term, without regard to the special rule of the City Court, upon which stress is laid unduly, and which, at most, is an understanding inter partes, and not a special, local mandate issued other whence to officials to disrespect the orders of the justices ordained under the Constitution of the state. The plaintiff may not complain of the fate of his cause. If he had a cause of action, he should have seen it tried by the attorney first retained or some other; for he had it pending in a court the condition of whose calendars was made well known by an abortive commission. The much indurated course of accepting adventitious excuses to conform to statutory procedure, once confirmed by custom, has brought into fashion a certain frivolity of practice, expensive to litigants, costing the county large sums of money, and squandering time supposedly valuable, besides at times notoriously covering objects not allowable.

The order should be affirmed.