SCHWARTZ v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.　February 7, 1908.)

1. APPEAL—PRESUMPTIONS—TRIAL—CALENDARS—DATE OF ISSUE.
　　Where both parties served notice of trial for the April, 1905, term, issue having been joined in January, 1903, it would be presumed that the case was placed on the calendar as of the date of issue, as required by Code Civ. Proc. § 977.

2. COURTS—RULES.
　　A rule of the City Court. of New York, promulgated in 1905, requiring litigants having causes on the general calendar to file a new note of issue in order to have their cases appear on the general calendar of the court, was invalid.

3. SAME—DISMISSAL FOR FAILURE TO PROSECUTE—RESTORATION TO CALENDAR.
　　Issue having been joined on January 24, 1903, notice of trial was served by both parties for the April, 1905, term of the City Court; but the case was dropped from the general calendar because of plaintiff's failure to file a new note of issue, in accordance with an invalid rule of the court adopted in 1905.　Held, that since, under Code Civ. Proc. § 977, requiring that all causes shall be placed on the calendar as of the date of issue, the cause under the note of issue filed in March, 1905, would thereafter have appeared on the general calendar and reached the day calendar in due course prior to younger issues, except for the invalid rule, there being no evidence that issues of younger date than January, 1903, were tried prior to the filing of the note of issue in March, 1905, it was error for the court to dismiss plaintiff's complaint for failure to prosecute, and to refuse to restore the case to the calendar.

Appeal from City Court of New York.

Action by Elias Schwartz against the Interurban Street Railway Company.　From two orders of the New York City Court, one grant-

ing defendant's motion to dismiss for failure to prosecute, and the other denying plaintiff's motion to restore the cause to the calendar, plaintiff appeals. Reversed, and case restored to the calendar.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Adolph Cohen (William Barnes, of counsel), for appellant.
Henry A. Robinson (Bayard H. Ames, of counsel), for respondent.

GILDERSLEEVE, J. Issue in this case was joined on January 24, 1903. A note of issue was not filed until March 7, 1905, on which day plaintiff served a notice of trial for the April, 1905, term. The defendant served a cross-notice of trial for said term on March 13, 1905. The case should have been, and presumably was, placed upon the calendar as of the date of issue, viz., January 24, 1903. Section 977, Code Civ. Proc. In the summer of 1905 the City Court promulgated a rule requiring litigants having causes on the general calendar to file a new note of issue, in order to have their cases appear upon the general calendar of that court. This rule was an invalid one. Rauchberger v. Int. St. Ry. Co., 52 Misc. Rep. 518, 102 N. Y. Supp. 561. The plaintiff's attorney, however, endeavored to file a new note of issue, and his managing clerk made one and gave it to another clerk to file with the clerk of the City Court, and upon the record book of the plaintiff's attorney there appears an entry of the filing of such note of issue on August 31, 1905. Upon attempting again to comply with the rule in 1906, however, the plaintiff's attorney was informed by the clerk that the latter note of issue could not be accepted, for the reason that none had been filed in 1905. After the appellant's attorney ascertained that the case was not on the calendar, it appears that he used due diligence in his efforts to have it restored.

The situation is this: If no issues of a younger date than January, 1903, were tried prior to the filing of a note of issue in March, 1905, and there is no evidence that there were, such prior issues could not be reached in regular order and disposed of previous to the present case, without the case having appeared upon the day calendar, as section 977 of the Code of Civil Procedure provides that all causes shall be placed upon the calendar as of the date of issue. Thus, when the note of issue was filed in March, 1905, this cause would thereafter have appeared upon the general calendar, and reached the day calendar for disposal in due course, prior to younger issues, except for the invalid rule aforesaid, which practically struck it from the calendar in 1905. This case, therefore, falls within the case of Rauchberger v. Int. St. Ry. Co. supra, where the court said:

"It would seem that the only neglect, if any there was, with which the plaintiff is properly chargeable, was in his failure to file a new note of issue in accordance with the provisions of the rule adopted by the justices of the City Court in the year 1905. * * * There is nothing in the record to show that issues younger than those in the case at bar were reached and tried in 1905."

We also there held that, under such circumstances and in a case where the statute had run against plaintiff's cause of action, as it has

in the case at bar, a dismissal of the complaint was too severe a punishment to be imposed.

Orders reversed, with disbursements, but without costs, and case restored to the calendar of the City Court; date of trial to be fixed by that court. All concur.