(60 Misc. Rep. 358.)

### WILLNER v. MINK RESTAURANT CO.

(City Court of New York, Special Term. August, 1908.)

**1. COURTS (§ 80*)—COURT RULES.**

A rule of the City Court of New York that no action on the general calendar should be placed on a new calendar, unless a new note of issue was filed, falls within the inhibition of Code Civ. Proc. § 323, authorizing the justices of the court to establish rules of practice not inconsistent with the Code, as it creates a change in the practice inconsistent with section 977, providing that, where a party has served a notice of trial and filed a note of issue for a term at which the cause is not tried, it is not necessary for him to serve a new notice of trial or file a new note of issue for a succeeding term, and the cause must remain on the calendar until disposed of.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 80.*]

**2. DISMISSAL AND NONSUIT (§ 60*)—GROUNDS OF DISMISSAL—WANT OF PROSECUTION.**

A cause on the calendar of the City Court of New York when a rule was adopted ordering a new calendar, and providing that no action upon the general calendar should be placed upon the new, unless a new note of issue was filed, was omitted from the new calendar for failure to file a new note of issue. A motion to restore the cause to the calendar was denied with leave to renew, but was not renewed, plaintiff filing another note of issue for a later term, thereby abandoning his original note, and delaying the trial of the cause. *Held,* that the rule being void under Code Civ. Proc. § 323, it is not necessary for him to serve a new notice of tri-

al or file a new note of issue for a succeeding term, and the cause must remain on the calendar until disposed of, and, it being apparent that plaintiff acted in good faith, a motion to dismiss the complaint for want of prosecution would be denied on payment of the costs of the motion and of the former motion.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 60.*]

Action by Max Willner against the Mink Restaurant Company. Motion to dismiss the complaint. Motion denied on payment by plaintiff of certain costs, otherwise motion granted. This case is reversed by 61 Misc. Rep. 73, 113 N. Y. Supp. 31.

Harry M. Wilner, for plaintiff.
Reno R. Billington, for defendant.

FINELITE, J. This is a motion to dismiss the complaint for want of prosecution. Issue was joined on October 18, 1905, and both parties noticed the action for trial for the term commencing the first Monday of November, 1905, for which term a note of issue had been filed by the plaintiff. The action remained on the calendar of this court until October, 1906, when it was not included in the new calendar then made up pursuant to the rule adopted by the justices of this court in June, 1906, which rule is as follows:

"Ordered that the clerk of the City Court of the city of New York make a new calendar of the trial issues for October, 1906. Causes noticed for the first time for the October term shall follow on the general calendar according to the dates of issue. No action upon the general calendar shall be placed upon the new calendar unless a note of issue—for which no fee will be charged—be filed with the clerk from July 1, and on or before the first day of September, 1906, stating that the same has not been disposed of or settled and specifying thereon the date of issue and the number on the present calendar. * * * And no cause on the present calendar shall retain its place upon the new calendar unless such note of issue above mentioned be filed prior to the date above stated. And no orders shall be issued restoring to its place on the calendar any cause for which a new note of issue has not been filed on or before the above date. The call from such new calendar to commence with the cause next succeeding on the present general calendar the cause last reached in June.

"Adopted in convention, June 1, 1906.      Thomas F. Smith, Clerk."

Plaintiff failed to comply with the direction contained in said rule, and did not file a "new note of issue," and his action was therefore not placed upon the new calendar of issues made up to be tried commencing October, 1906, and has since then not been restored to said calendar. A motion to so restore having been denied, with $10 costs, with leave to renew, said motion was not renewed, but plaintiff filed another note of issue during May, 1907, paying therefor an additional fee.

The defendant now moves to dismiss upon the ground that the plaintiff has unreasonably delayed in prosecuting this action; that he has failed to bring his action to trial according to the course and practice of this court; that younger issues have been tried in their regular order and disposed of. This presents the question whether plaintiff moved with reasonable promptness to have his action tried. The is-

sues presented by the pleadings were placed upon the calendar and noticed for trial with due diligence, and should have been included in the new calendar made up in October, 1906, notwithstanding plaintiff's failure to file the "new note of issue" required by said rule, and should have remained upon the calendar until disposed of. Section 977 of the Code of Civil Procedure provides that:

"In the county of New York * * * where a party has served a notice of trial, and filed a note of issue for a term at which the case is not tried, it is not necessary for him to serve a new notice of trial, or file a new note of issue for a succeeding term; and the action must remain on the calendar until it is disposed of."

This court has power to make rules governing the conduct of its business, and the regulation of its calendar within limitations (Hunnewell v. Shafer [City Ct. N. Y.] 9 N. Y. Supp. 540), but it is without power to make any rule which is inconsistent with the provisions of the Code of Civil Procedure (Code Civ. Proc. § 323; Gormerly v. McGlynn, 84 N. Y. 284; Sayer v. Kirchof, 3 Misc. Rep. 245, 22 N. Y. Supp. 773), and a rule requiring the filing of a "new note of issue" falls within this inhibition, as it creates a change in the practice inconsistent with section 977. This latter section expressly provides that:

"* * * It is not necessary for him to serve a new notice of trial, or file a new note of issue for a succeeding term; and the action must remain on the calendar until it is disposed of."

And to require the plaintiff, in order that his action "remain on the calendar until it is disposed of," to file an additional "note of issue," is an attempt to alter and in effect annul said provisions of said section (which calls for but one note of issue). Its vice is that "it is inconsistent with the provisions of the Code." Code Civ. Proc. § 323; Gormerly v. McGlynn, supra; Rauchberger v. Interurban St. R. Co., 52 Misc. Rep. 518, 102 N. Y. Supp. 561. The plaintiff, abandoning his first note of issue, and filing a second for the May, 1907, Term, and proceeding thereunder, has delayed the trial of this action.

However, in view of his apparent good faith, the motion to dismiss will be denied upon payment by the plaintiff of $10 costs of this motion, and the $10 costs of the former motion (if same be still unpaid, which I understand to be the case) before September 1st, and, if terms are not complied with, this motion will be granted. Ordered accordingly.