(62 Misc. Rep. 71.)

### WALDO et al. v. SCHMIDT.

(Supreme Court, Special Term, New York County. January, 1909.)

APPEAL AND ERROR (§ 648*)—CASE ON APPEAL—MOTION TO STRIKE.

> The Special Term of the Supreme Court will not strike out on motion a case on appeal which had been served by defendant and retained by plaintiff, as the question of its sufficiency must be determined by the Appellate Division.

> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2803; Dec. Dig. § 648.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Action by Eugene L. Waldo and John A. McKelvey against Fedor Schmidt. Judgment for plaintiffs. Motion to· strike proposed case on appeal. Denied.

Clarence De Witt Rogers, for plaintiffs.
Blumenstiel & Blumenstiel, for defendant.

ERLANGER, J. After a trial at Special Term an interlocutory judgment was entered; from which an appeal was taken to the Appellate Division and affirmed. 108 N. Y. Supp. 1149. The interlocutory judgment named a referee to take and restate the account between the parties and to report the evidence, with his conclusions to the court. The parties submitted their evidence to the referee, who made his report, which was confirmed, and final judgment entered. The defendants thereupon perfected an appeal from the final judgment, and within due time served a proposed case on appeal, which was retained by the plaintiffs, who now move to strike it out on the ground that it is not authorized by law. The case on appeal as settled will be printed as a part of the record and filed in the Appellate Division, and the rule is laid down in Tedford v. Lichtenstein, 129 App. Div. 35, 113 N. Y. Supp. 358, that "the question as to whether or not the record filed in" the Appellate Division "is the proper record is one which must be determined by that court," and not by the Special Term. If "the papers served are not those required by the general rules of practice, the respondent can move in" the appellate court "to dismiss the appeal." If it were within the province of the Special Term to pass upon the proper record to be filed in the Appellate Division, the court would be of the opinion that the plaintiffs' practice is proper.

The trial judge at Special Term could himself have taken proof of the ·account between the parties. He, however, followed the usual practice of referring it to a referee to take evidence of the account. The stating of the account was one of the issues framed by the pleadings, and in order to review the judgment rendered after a trial of that issue of fact it was proper for the appellant to make a case and procure it to be settled and signed. Code Civ. Proc. § 997. It frequently happens that the most important questions of fact involved in an equity case are those arising after the entry of the interlocutory judgment and on the stating of the accounts between the parties, and it cannot be the rule that, if the evidence on the accounting is taken by the trial judge, it is proper practice on an appeal from the final judgment to make a case and procure it to be settled, but, if the matter is referred to a referee, that the entire testimony and all exhibits adduced before the referee must be printed and submitted to the Appellate Division in hæc verba. Indeed, it may be seriously questioned whether the appellant would not be restricted to a review on the judgment roll alone, if he did not prepare and serve a case on appeal. Smith v. Ingham University, 76 Hun, 605, 28 N. Y. Supp. 220. The motion is denied, with costs.

Motion denied, with costs.